**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **CAMBRIA COMPANY LLC,** | § | |
| *Plaintiff,* | § | |
| | § | **Case No. 4:26-cv-01032** |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **LX HAUSYS, LTD. and** | § | |
| **LX HAUSYS AMERICA, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Cambria Company LLC ("Cambria" or "Plaintiff") alleges as follows for its claims of patent infringement against Defendants LX Hausys, Ltd. and LX Hausys America, Inc. (collectively, "LX" or "Defendants"):

## NATURE OF THE ACTION

1. This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, based upon Defendants' willful infringement of U.S. Patent Nos. 9,718,303 (the "'303 Patent"); 10,300,626 (the "'626 Patent"); and D780,336 ("the D'336 Patent") (collectively, "the Asserted Patents") by the unauthorized manufacture, use, offer for sale, sale, and/or importation of Defendants' infringing products accused herein.

## THE PARTIES

2. Plaintiff Cambria Company LLC is a limited liability company organized under the laws of Minnesota with its principal place of business located at 805 Enterprise Drive East, Suite H, Belle Plaine, Minnesota 56011.

3. On information and belief, Defendant LX Hausys, Ltd. ("LXHL") is a corporation organized under the laws of Korea with a principal place of business located at 98 Huam-ro, jung-gu, Seoul 04637, Korea.

4. On information and belief, Defendant LX Hausys America, Inc. ("LXHA") is a corporation organized under the laws of New Jersey with a principal place of business located at 3480 Preston Ridge Road, Unit 350, Alpharetta, Georgia 30005. On information and belief, LXHA is a wholly owned subsidiary of LXHL.

## JURISDICTION AND VENUE

5. This Complaint includes claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has general personal jurisdiction over LX because LX is engaged in substantial and not isolated activity within this judicial district. This Court has specific jurisdiction over LX because LX has committed acts giving rise to this action and has established more than minimum contacts within this judicial district, such that the exercise of jurisdiction over LX in this Court would not offend traditional notions of fair play and substantial justice. LX has also placed infringing products into the stream of commerce by shipping those products into this judicial district or knowing that the products would be shipped there. For example, LX's website connects users to dealers of infringing products within this judicial district.[1]

7. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) for LXHL, a Korean company, because suits against foreign entities are proper in any judicial district.

---

[1] https://www.lxhausys.com/us/support/where-to-buy/country/us

8. In a prior federal lawsuit filed by Cambria against LX in the State of Texas for patent infringement, LXHL agreed to waive service of summons on February 16, 2026.

9. Venue is proper as to LXHA at least because LXHA has a regular and established place of business and has committed acts of patent infringement within this judicial district. LXHA is registered to do business in the State of Texas under Tax Identification No. 12228955519.[2] Within this judicial district, LXHA has a warehouse and showroom located at 500 Enterprise Drive, Suite 300, Flower Mound, Texas 75028 (the "Flower Mound Showroom").[3] LXHA pays property taxes on the Flower Mound Showroom within the Eastern District of Texas, Sherman Division, as reflected through tax records for Denton County, Texas.[4]




[2] https://comptroller.texas.gov/taxes/franchise/account-status/search/12228955519
[3] https://www.lxhausys.com/us/support/ourshowroom/467901
[4] https://taxweb.dentoncounty.gov/Accounts/AccountDetails?taxAccountNumber=13714090TAR

| OWNER | TYPE | OWNERSHIP % | LOCATION | LEGAL |
|---|---|---|---|---|
| **LX HAUSYS AMERICA INC TAX DEPT**<br>3480 PRESTON RIDGE RD STE 350<br>ALPHARETTA, GA 30005 | Personal | 100.000000 | 0000500 ENTERPRISE RD STE 300 | LX HAUSYS AMERICA INC PERSONAL PROPERTY TANGIBLE COMMERCIAL |

10. On information and belief, LXHL and LXHA collaborate with respect to the development, design, manufacture, marketing, sale, importation and/or distribution of products sold under the "Viatera" brand name. On information and belief, LXHL and LXHA are agents of one another and/or operate in concert as integrated parts of the same business group and enter into agreements with each other that are nearer than arm's length. On information and belief, LXHA acts at the direction, and for the benefit, of LXHL, and is controlled and/or dominated by LXHL. On information and belief, LXHL and LXHA work collaboratively and in concert either directly or indirectly through one or more of their wholly owned subsidiaries with respect to the development, design, manufacture, marketing, sale, importation and/or distribution of Viatera products within this judicial district, including the Accused Products described below.

11. On information and belief, the Accused Products described below are located, stored, distributed to and from, and sold and offered for sale at the Flower Mound Showroom that is owned and controlled by LX as a regular and established place of business in this judicial district.

## <u>FACTUAL BACKGROUND</u>

12. Cambria is an industry leader in the design and manufacture of natural quartz surface products. Cambria's natural quartz surface products have a variety of uses in homes and businesses nationwide, including, but not limited to, countertops, floor tiles, vanities, fireplace surrounds, wet bars, and showers.

13. Cambria earned its reputation as an industry leader through years of innovation and a steadfast commitment to high quality in the design and manufacture of its products. Cambria was the first and only U.S. producer of quartz surface products for many years.

14. Quartz surface products have multiple performance benefits over other surface products. For example, quartz surfaces never have to be sealed, unlike granite, marble and other surfaces that require regular maintenance. Quartz surfaces are also scratch resistant and nonabsorbent, and they resist staining and do not harbor harmful bacteria.

15. Cambria led the charge to grow the demand for quartz surface products by investing millions of dollars in research and development, which led to Cambria commercializing quartz product designs that have revolutionized the market.

16. In 2015, Cambria revolutionized the quartz surface industry when it introduced its Brittanicca and Ella designs as part of its Marble Collection. Brittanicca and Ella, which are shown below, are among Cambria's groundbreaking quartz surface products that embody and are made using the technology of the '303 Patent and the '626 Patent.



**Cambria *Brittanicca***



**Cambria *Ella***

17. The ornamental design of Cambria's Ella product further embodies and is covered by Cambria's D'336 Patent, which includes the sole figure reproduced below.



**D'336 Patent**

18. Cambria's groundbreaking Brittanicca and Ella designs were followed shortly by Cambria's Oakmoor and Roxwell designs as part of its Oceanic Collection. In 2017, Cambria expanded its Marble Collection with its Annicca, Clareanne, Queen Anne, Brittanicca Gold Warm, Brittanicca Warm, Delgatie, and Ironsbridge designs. In 2018, Cambria introduced its Levven, Mersey, Skara Brae, Bentley, Clairidge, and Golden Dragon designs. In 2020, Cambria introduced its Clovelly, Gladstone, and Portrush designs. Reproduced below as an example of Cambria's continued technological and design innovation is Cambria's Portrush, which embodies and is made using the technology of the '303 Patent and the '626 Patent.



**Cambria *Portrush***

19. Since 2020 and continuing through the filing of this action, Cambria has continued to invest heavily in research and development and has continued to release new and innovative designs. These and other natural quartz surface products that Cambria manufactures exclusively

at its U.S. manufacturing facility are among Cambria's innovative products that embody and are made using the technology of the '303 Patent and the '626 Patent.

**CAMBRIA'S ASSERTED PATENTS**

20. The '303 Patent, titled "Processed Slabs, and Systems and Methods Related Thereto," was duly and legally issued by the United States Patent and Trademark Office on August 1, 2017, and names Jon Louis Grzeskowiak, II and Martin E. Davis as the inventors. The '303 Patent claims priority to U.S. Patent Application No. 14/463,494, filed on August 19, 2014, which is the effective filing date of the '303 Patent. A true and correct copy of the '303 Patent is attached hereto as **Exhibit A**. Cambria owns all substantial rights, titles, and interests in and to the '303 Patent, including the exclusive right and standing to bring suit with respect to any past, present, and future infringement. The '303 Patent is valid, enforceable, and in full force and effect.

21. The '626 Patent, titled "Synthetic Molded Slabs, and Systems and Methods Related Thereto," was duly and legally issued by the United States Patent and Trademark Office on May 28, 2019, and names Jon Louis Grzeskowiak, II and Martin E. Davis as the inventors. The '626 Patent claims priority to U.S. Patent Application No. 14/463,494, filed on August 19, 2014, which is the effective filing date of the '626 Patent. A true and correct copy of the '626 Patent is attached hereto as **Exhibit B**. Cambria owns all substantial rights, titles, and interests in and to the '626 Patent, including the exclusive right and standing to bring suit with respect to any past, present, and future infringement. The '626 Patent is valid, enforceable, and in full force and effect.

22. The D'336 Patent, titled "Slab," was duly and legally issued by the United States Patent and Trademark Office on February 28, 2017, and names Martin E. Davis, Jon Louis Grzeskowiak, II, and Summer Lane Kath as the inventors. A true and correct copy of the D'336 Patent is attached hereto as **Exhibit C**. The application that issued as the D'336 Patent was filed

on August 3, 2015. Cambria owns all substantial rights, titles, and interests in and to the D'336 Patent, including the exclusive right and standing to bring suit with respect to any past, present, and future infringement. The D'336 Patent is valid, enforceable, and in full force and effect.

23. To the extent required by law, Cambria has complied with the marking requirements under 35 U.S.C. § 287 such that Cambria is entitled to collect past damages for infringement of the Asserted Patents. Cambria makes and distributes quartz surface products that embody the Asserted Patents, and Cambria's practicing products have been marked, including on slab labels and on sample labels, with the Asserted Patent numbers and/or an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates each patented article with the numbers of the Asserted Patents.

**DEFENDANTS' ACTIVITIES**

24. Cambria's commercial success prompted competitors to copy its patented technologies, products, and designs. That is the case here. LX makes, uses, imports, distributes, supplies, markets, offers for sale, and/or sells in this judicial district processed slabs that infringe the '303 Patent, the '626 Patent, and the D'336 Patent.

25. On information and belief, LX's infringing products include processed slabs sold at least under the "Viatera" brand name. Among other infringing products, non-limiting examples of LX's infringing products are the processed slabs that LX markets under the names Ocean Ridge, Splendor, Solea, Cloud Ridge, Perla Verde, and Macaubas Bianco (collectively with other infringing products, the "Accused Products").[5] The Accused Products, including the non-limiting

[5] *See* https://www.lxhausys.com/us/products/

examples reproduced below, meet the elements of one or more claims of each of the Asserted Patents, as described in the following paragraphs.



**Viatera *Ocean Ridge***[6]



**Viatera *Splendor***[7]



**Viatera *Solea***[8]



**Viatera *Cloud Ridge***[9]



**Viatera *Perla Verde***[10]



**Viatera *Macaubas Bianco***[11]

[6] https://www.lxhausys.com/us/products/viatera-quartz-surface/ocean-ridge/513261
[7] https://www.lxhausys.com/us/products/viatera-quartz-surface/splendor/509286
[8] https://www.lxhausys.com/us/products/viatera-quartz-surface/solea/513259
[9] https://www.lxhausys.com/us/products/viatera-quartz-surface/cloud-ridge/509444
[10] https://www.lxhausys.com/us/products/viatera-quartz-surface/perla-verde/513269
[11] https://www.lxhausys.com/us/products/viatera-quartz-surface/macaubas-bianco/369984

26. Attached as **Exhibit D** is a true and correct copy of LX's Viatera Full Slab Reference Book for 2026, which LX makes available online from its website, lxhausys.com.

27. Attached as **Exhibit E** is a true and correct copy of LX's Viatera Safety Data Sheet, revised October 30, 2025, which LX makes available online from its website, lxhausys.com.

28. Attached as **Exhibit F** is a true and correct copy of LX's Viatera Health Product Declaration v3.0, published January 15, 2026, which LX makes available online from its website, lxhausys.com.

29. Cambria has not authorized LX to copy, reproduce, manufacture, duplicate, disseminate, distribute, import, sell, offer for sale, or display any processed slabs that embody and/or are produced with the technology or designs claimed by the Asserted Patents.

30. LX is and has been aware of the '303 Patent and the '626 Patent at least since August 2022, when LXHA filed a motion to quash subpoenas in *LX Hausys America, Inc. v. Hirsch Glass Corp., d/b/a Spectrum Quartz*, No. 4:22-mc-00672-RLW (E.D. Mo.) (Aug. 2, 2022), in which LXHA referred to "Cambria's patents for quartz countertops" that were asserted in a referenced action underlying the subpoenas including the '303 Patent and the '626 Patent.

31. LX is and has also been aware of the '303 Patent and the '626 Patent at least since March 5, 2026, when Cambria sent a letter to LX's in-house legal counsel that specifically notified LX of the '303 Patent and the '626 Patent and attached copies of these patents.

32. LX is and has been aware of the D'336 Patent at least since February 2026, when LX's own U.S. Design Patent No. D1,112,844 S issued, which cites the D'336 Patent on its face.

33. In addition to LX's actual knowledge of the Asserted Patents, the actual notice that Cambria provided of the '303 Patent and the '626 Patent in pre-suit correspondence to LX, and

the constructive notice provided by Cambria's patent markings, LX is and has been aware of the '303 Patent, the '626 Patent, and the D'336 Patent since at least the filing of this lawsuit.

34. Despite LX's knowledge of the Asserted Patents, LX continues to willfully violate Cambria's intellectual property rights by infringing the Asserted Patents.

**COUNT I – INFRINGEMENT OF THE '303 PATENT**

35. Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–34 of this Complaint.

36. As described below, in violation of at least 35 U.S.C. § 271(a), LX infringes and/or has infringed, literally or under the doctrine of equivalents, at least claim 1 of the '303 Patent by importing, making, using, offering to sell, and/or selling the Accused Products without a license or permission from Cambria, including in this judicial district.

37. Claim 1 of the '303 Patent recites as follows:

> 1. A processed slab, comprising: a major surface at least 2 feet wide by at least 6 feet long and extending perpendicularly to a slab thickness, the major surface having at least a first pigmented vein extending generally lengthwise from edge-to-edge that separates at least second and third pigmented veins extending generally lengthwise and positioned on opposing sides of the first pigmented vein, wherein the first pigmented vein is defined by a first particulate mineral mix and at least the first particulate mineral mix is separated from and forms a substantially unmixed layer with respect to a second particulate mineral mix defining the second pigmented vein according to a predefined layer pattern such that each of the first and second pigmented veins has a vein thickness equal to and parallel to the slab thickness, the second particulate mineral mix being different than the first particulate mineral mix.

38. On information and belief, the Accused Products are processed slabs, comprising a major surface at least 2 feet wide by at least 6 feet long and extending perpendicularly to a slab thickness. For example, LX markets each of the Accused Products as being slabs that are each at least 63 inches (5.25 feet) wide and at least 126 inches (10.5 feet) long or 130 inches (10.83 feet) long, with a slab thickness of either 2 cm or 3 cm.

## Dimensions

| Size | Dimensions | Thickness | Weight |
|---|---|---|---|
| Jumbo 1 | 63" x 126" (1,600 mm x 3,200 mm) | 1.5 cm | 416 lbs |
| | | 2 cm | 564 lbs |
| | | 3 cm | 833 lbs |
| Jumbo 2 | 63" x 130" (1,600 mm x 3,302 mm) | 2 cm | 585 lbs |
| | | 3 cm | 870 lbs |
| Super Jumbo | 79" x 138" (2,007 mm x 3,505 mm) | 2 cm | 771 lbs |
| | | 3 cm | 1,139 lbs |

The inch dimensions are nominal.

# Ocean Ridge

**NEW 2026**

Flowing with the rhythm of the sea, Ocean Ridge captures the meeting of deep navy and sunlit hues. Fine navy veins ripple alongside soft, shadowy waves that drift across an off-white foundation, expressing the quiet movement of tides. Reflecting both the delicacy and strength of the ocean's edge, it brings a calm, living energy to any space.

**Collection:** Suprema
**Finish:** Polished Finish
**Size:** 63" x 130"
**Thickness:** 2 cm, 3 cm

# Splendor

Inspired by nature and the gentle flow of wind and air, Splendor is the essence of sophisticated elegance. Bold and highly detailed golden veins in various thickness move gracefully in a naturally fluid diagonal pattern across a soft white base, evoking the look of premium marble. Luxurious, full of depth, and with an unmistakable aesthetic, Splendor can be the perfect accent

**Collection:** Suprema
**Finish:** Polished Finish
**Size:** 63" x 130"
**Thickness:** 2 cm, 3 cm

# Solea

**NEW 2026**

Inspired by its namesake, the Spanish word for "sun," Solea radiates quiet warmth and serene beauty. Its soft white base is traced with broad, diffused veins of gold and taupe, capturing the gentle glow of sunlight drifting across a calm horizon. Bright yet soothing, it fills interiors with a sense of openness and natural harmony.

**Collection:** Suprema
**Finish:** Polished Finish
**Size:** 63" x 130"
**Thickness:** 2 cm, 3 cm

## Cloud Ridge

Cloud Ridge draws inspiration from the serene beauty of billowy cloud-covered mountain landscapes. Its warm off-white base is gracefully infused with intricate brown veining that adds depth and detailed expression. The abstract, non-repetitive pattern evokes the gentle interplay of soft clouds clinging to rugged peaks, creating a harmonious design that exudes understated luxury.

**Collection:** Suprema
**Finish:** Polished Finish
**Size:** 63” x 130”
**Thickness:** 2 cm, 3 cm

## Perla Verde

**NEW 2026**

Reminiscent of seawater tracing elegant patterns in the sand, Perla Verde reveals a soft gray foundation touched with sage green and crossed by veins of deep green and brown. Its organic, layered beauty reflects the rhythm of nature, offering a neutral palette that feels balanced, sophisticated, and full of depth.

**Collection:** Quartzite
**Finish:** Polished Finish
**Size:** 63” x 126”
**Thickness:** 2 cm, 3 cm

## Macaubas Bianco

For elegant, understated beauty, look no further than Macaubas Bianco. Inspired by the stunning marble quarried in Brazil, the off-white base is infused with elaborate, long, horizontal gold and gray veins that vary in thickness, from subtle whispers to more pronounced strokes. The result is a harmonious look that is sure to give any space an expansive, open, and welcoming feeling.

**Collection:** Masterpiece
**Finish:** Polished Finish
**Size:** 63” x 126”, 79” x 138”
**Thickness:** 2 cm, 3 cm

*See, e.g.*, Ex. D, Viatera Full Slab Reference Book (2026) at 5, 8–15, 24–25, 76–77.

39. On information and belief, the major surface of each Accused Product has at least a first pigmented vein extending generally lengthwise from edge-to-edge that separates at least second and third pigmented veins extending generally lengthwise and positioned on opposing sides of the first pigmented vein.





**Viatera *Ocean Ridge*[12]**

**Viatera *Splendor*[13]**





**Viatera *Solea*[14]**

**Viatera *Cloud Ridge*[15]**





**Viatera *Perla Verde*[16]**

**Viatera *Macaubas Bianco*[17]**

40. On information and belief, in each Accused Product, the first pigmented vein is defined by a first particulate mineral mix and at least the first particulate mineral mix is separated from and forms a substantially unmixed layer with respect to a second particulate mineral mix defining the second pigmented vein according to a predefined layer pattern such that each of the first and second pigmented veins has a vein thickness equal to and parallel to the slab thickness.

---

[12] https://www.lxhausys.com/us/products/viatera-quartz-surface/ocean-ridge/513261
[13] https://www.lxhausys.com/us/products/viatera-quartz-surface/splendor/509286
[14] https://www.lxhausys.com/us/products/viatera-quartz-surface/solea/513259
[15] https://www.lxhausys.com/us/products/viatera-quartz-surface/cloud-ridge/509444
[16] https://www.lxhausys.com/us/products/viatera-quartz-surface/perla-verde/513269
[17] https://www.lxhausys.com/us/products/viatera-quartz-surface/macaubas-bianco/369984

**a) Viatera *Ocean Ridge*:**










*See also* https://www.lxhausys.com/us/products/viatera-quartz-surface/ocean-ridge/513261

**b) Viatera *Splendor*:**













*See also* https://www.lxhausys.com/us/products/viatera-quartz-surface/splendor/509286

**c) Viatera *Solea*:**












*See also* https://www.lxhausys.com/us/products/viatera-quartz-surface/solea/513259

d) Viatera *Cloud Ridge*:










*See also* https://www.lxhausys.com/us/products/viatera-quartz-surface/cloud-ridge/509444

**e) Viatera *Perla Verde*:**












*See also* https://www.lxhausys.com/us/products/viatera-quartz-surface/perla-verde/513269

**f) Viatera *Macaubas Bianco*:**





*See also* https://www.lxhausys.com/us/products/viatera-quartz-surface/macaubas-bianco/369984

41. On information and belief, in each Accused Product, the second particulate mineral mix is different than the first particulate mineral mix.

**SECTION 3 Composition/information on ingredients**

**3.1. Substances**

Not applicable

**3.2. Mixtures**

| Name | Product identifier | % |
|---|---|---|
| Crystalline Silica as Quartz | CAS-No.: 14808-60-7 | 87 - 93 |
| Pigmented cured polyester | CAS-No.: Not available | < 10 |
| Polymethylmethacrylate (Polyester Resin Solution) | CAS-No.: 9011-14-7 | < 10 |

Full text of hazard classes and H-statements : see section 16

*See* Ex. E at 2, Viatera Safety Data Sheet (rev. Oct. 30, 2025).

**QUARTZ** ID: **Geological Material**

HAZARD DATA SOURCE: **HPDC Special Conditions Policy**

%: **51.6900 - 51.9600** GreenScreen: **Not Required** RC: **None** NANO: **No** MATERIAL ROLE: **Filler**

| HAZARD TYPE | AGENCY AND LIST TITLES | WARNINGS |
|---|---|---|
| Hazard Screening is not applicable to this Special Condition | | |

INGREDIENT DESCRIPTION AND COMPOSITION: Crystalline Silica (14808-60-7, max 98%) + trace levels of sodium silicate 1344-09-8, max 0.2%), kaolin (1332-58-7, max 0.2%), and fumed silica (69012-64-2, max 0.1%

| CRISTOBALITE | | | | ID: Geological Material |
|---|---|---|---|---|
| HAZARD DATA SOURCE: HPDC Special Conditions Policy | | | | |
| %: 33.5300 - 33.5300 | GreenScreen: Not Required | RC: None | NANO: No | MATERIAL ROLE: Filler |
| HAZARD TYPE | AGENCY AND LIST TITLES | WARNINGS | | |
| Hazard Screening is not applicable to this Special Condition | | | | |

INGREDIENT DESCRIPTION AND COMPOSITION: Crystalline Silica in the form of Cristobalite (max 26.82%); Amorphous Silica (max 8.38%); Crystalline Silica in the form of Tridymite (max 3.35%) and Crystalline Silica in the form of Quartz (max 1.68%).

*See* Ex. F at 2-3, Viatera Quartz Surface, Health Product Declaration v3.0 (pub. Jan. 15, 2026).

42. On information and belief, LX currently actively induces and has induced infringement of the ’303 Patent under 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

43. For example, LX actively promotes the sale, use, and importation of the Accused Products in marketing materials and web pages on the LX Hausys website,[18] and through LX’s sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products.

44. Cambria has been damaged as a result of the infringing conduct by LX alleged above. Thus, LX is at least liable to Cambria in an amount that compensates Cambria for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

[18] *See, e.g.*, https://www.lxhausys.com/us/products/viatera-quartz-surface/viatera-finder

45. LX's infringement of the '303 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless LX is enjoined by this Court pursuant to 35 U.S.C. § 283.

46. LX has been on notice of and has had actual knowledge of the '303 Patent since before the filing of this Complaint. Further, LX has had constructive knowledge of the '303 Patent from Cambria's patent markings. Since obtaining knowledge of the '303 Patent and of its infringing activities, LX has failed to cease its infringing activities. At a minimum, LX has been willfully blind to its infringement of the '303 Patent.

47. LX's infringement of the '303 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights. LX's willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF THE '626 PATENT

48. Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–47 of this Complaint.

49. As described below, in violation of at least 35 U.S.C. § 271(a), LX infringes and/or has infringed, literally or under the doctrine of equivalents, at least claim 1 of the '626 Patent by importing, making, using, offering to sell, and/or selling the Accused Products without a license or permission from Cambria, including in this judicial district.

50. Claim 1 of the '626 Patent recites as follows:

> 1. A processed slab comprising a quartz material, comprising:
>
> a major surface at least 2 feet wide by at least 6 feet long and extending perpendicularly to a slab thickness, the major surface having a first substantially bowed pigmented vein that extends generally lengthwise from edge-to-edge, wherein the first substantially bowed pigmented vein has a vein thickness equal to and parallel to the slab thickness, wherein the slab

comprises at least two different particulate mineral mixes distributed in a series of successive layers according to a predefined pattern, a first of the two different particulate mineral mixes defining the first substantially bowed pigmented vein, and wherein the first particulate mineral mix occupies the entire slab thickness at a first region that defines the first substantially bowed pigmented vein and a second of the two different particulate mineral mixes occupies the entire slab thickness at a second region, the first particulate mineral mix being absent from the second region and the second particulate mineral mix being absent from the first region.

51. On information and belief, the Accused Products are processed slabs comprising a quartz material.

**SECTION 3 Composition/information on ingredients**

**3.1. Substances**

Not applicable

**3.2. Mixtures**

| Name | Product identifier | % |
|---|---|---|
| Crystalline Silica as Quartz | CAS-No.: 14808-60-7 | 87 - 93 |
| Pigmented cured polyester | CAS-No.: Not available | < 10 |
| Polymethylmethacrylate (Polyester Resin Solution) | CAS-No.: 9011-14-7 | < 10 |

Full text of hazard classes and H-statements : see section 16

*See* Ex. E at 2, Viatera Safety Data Sheet (rev. Oct. 30, 2025).

**QUARTZ** ID: **Geological Material**

HAZARD DATA SOURCE: **HPDC Special Conditions Policy**

%: **51.6900 - 51.9600** GreenScreen: **Not Required** RC: **None** NANO: **No** MATERIAL ROLE: **Filler**

| HAZARD TYPE | AGENCY AND LIST TITLES | WARNINGS |
|---|---|---|
| Hazard Screening is not applicable to this Special Condition | | |

INGREDIENT DESCRIPTION AND COMPOSITION: Crystalline Silica (14808-60-7, max 98%) + trace levels of sodium silicate 1344-09-8, max 0.2%), kaolin (1332-58-7, max 0.2%), and fumed silica (69012-64-2, max 0.1%

CRISTOBALITE ID: Geological Material

HAZARD DATA SOURCE: HPDC Special Conditions Policy

%: **33.5300 - 33.5300** GreenScreen: **Not Required** RC: **None** NANO: **No** MATERIAL ROLE: **Filler**

| HAZARD TYPE | AGENCY AND LIST TITLES | WARNINGS |
|---|---|---|
| Hazard Screening is not applicable to this Special Condition | | |

INGREDIENT DESCRIPTION AND COMPOSITION: Crystalline Silica in the form of Cristobalite (max 26.82%); Amorphous Silica (max 8.38%); Crystalline Silica in the form of Tridymite (max 3.35%) and Crystalline Silica in the form of Quartz (max 1.68%).

*See* Ex. F at 2-3, Viatera Quartz Surface, Health Product Declaration v3.0 (pub. Jan. 15, 2026).

52. On information and belief, the Accused Products comprise a major surface at least 2 feet wide by at least 6 feet long and extending perpendicularly to a slab thickness. For example, LX markets each of the Accused Products as being slabs that are each at least 63 inches (5.25 feet) wide and at least 126 inches (10.5 feet) long or 130 inches (10.83 feet) long, with a slab thickness of either 2 cm or 3 cm.

## Dimensions

| Size | Dimensions | Thickness | Weight |
|---|---|---|---|
| Jumbo 1 | 63" x 126" (1,600 mm x 3,200 mm) | 1.5 cm | 416 lbs |
| | | 2 cm | 564 lbs |
| | | 3 cm | 833 lbs |
| Jumbo 2 | 63" x 130" (1,600 mm x 3,302 mm) | 2 cm | 585 lbs |
| | | 3 cm | 870 lbs |
| Super Jumbo | 79" x 138" (2,007 mm x 3,505 mm) | 2 cm | 771 lbs |
| | | 3 cm | 1,139 lbs |

The inch dimensions are nominal.

## Ocean Ridge

**NEW 2026**

Flowing with the rhythm of the sea, Ocean Ridge captures the meeting of deep navy and sunlit hues. Fine navy veins ripple alongside soft, shadowy waves that drift across an off-white foundation, expressing the quiet movement of tides. Reflecting both the delicacy and strength of the ocean's edge, it brings a calm, living energy to any space.

**Collection:** Suprema
**Finish:** Polished Finish
**Size:** 63" x 130"
**Thickness:** 2 cm, 3 cm

## Splendor

Inspired by nature and the gentle flow of wind and air, Splendor is the essence of sophisticated elegance. Bold and highly detailed golden veins in various thickness move gracefully in a naturally fluid diagonal pattern across a soft white base, evoking the look of premium marble. Luxurious, full of depth, and with an unmistakable aesthetic, Splendor can be the perfect accent

**Collection:** Suprema
**Finish:** Polished Finish
**Size:** 63" x 130"
**Thickness:** 2 cm, 3 cm

## Solea

**NEW 2026**

Inspired by its namesake, the Spanish word for "sun," Solea radiates quiet warmth and serene beauty. Its soft white base is traced with broad, diffused veins of gold and taupe, capturing the gentle glow of sunlight drifting across a calm horizon. Bright yet soothing, it fills interiors with a sense of openness and natural harmony.

**Collection:** Suprema
**Finish:** Polished Finish
**Size:** 63" x 130"
**Thickness:** 2 cm, 3 cm

## Cloud Ridge

Cloud Ridge draws inspiration from the serene beauty of billowy cloud-covered mountain landscapes. Its warm off-white base is gracefully infused with intricate brown veining that adds depth and detailed expression. The abstract, non-repetitive pattern evokes the gentle interplay of soft clouds clinging to rugged peaks, creating a harmonious design that exudes understated luxury.

**Collection:** Suprema
**Finish:** Polished Finish
**Size:** 63" x 130"
**Thickness:** 2 cm, 3 cm

## Perla Verde

**NEW 2026**

Reminiscent of seawater tracing elegant patterns in the sand, Perla Verde reveals a soft gray foundation touched with sage green and crossed by veins of deep green and brown. Its organic, layered beauty reflects the rhythm of nature, offering a neutral palette that feels balanced, sophisticated, and full of depth.

**Collection:** Quartzite
**Finish:** Polished Finish
**Size:** 63" x 126"
**Thickness:** 2 cm, 3 cm

## Macaubas Bianco

For elegant, understated beauty, look no further than Macaubas Bianco. Inspired by the stunning marble quarried in Brazil, the off-white base is infused with elaborate, long, horizontal gold and gray veins that vary in thickness, from subtle whispers to more pronounced strokes. The result is a harmonious look that is sure to give any space an expansive, open, and welcoming feeling.

**Collection:** Masterpiece
**Finish:** Polished Finish
**Size:** 63″ x 126″, 79″ x 138″
**Thickness:** 2 cm, 3 cm

*See, e.g.*, Ex. D, Viatera Full Slab Reference Book (2026) at 5, 8–15, 24–25, 76–77.

53. On information and belief, the major surface of each Accused Product has a first substantially bowed pigmented vein that extends generally lengthwise from edge-to-edge, wherein the first substantially bowed pigmented vein has a vein thickness equal to and parallel to the slab thickness.



**Viatera *Ocean Ridge***[19]



**Viatera *Splendor***[20]



**Viatera *Solea***[21]



**Viatera *Cloud Ridge***[22]

---

[19] https://www.lxhausys.com/us/products/viatera-quartz-surface/ocean-ridge/513261
[20] https://www.lxhausys.com/us/products/viatera-quartz-surface/splendor/509286
[21] https://www.lxhausys.com/us/products/viatera-quartz-surface/solea/513259
[22] https://www.lxhausys.com/us/products/viatera-quartz-surface/cloud-ridge/509444



**Viatera *Perla Verde***[23]



**Viatera *Macaubas Bianco***[24]

54. On information and belief, for each Accused Product, the slab comprises at least two different particulate mineral mixes distributed in a series of successive layers according to a predefined pattern, a first of the two different particulate mineral mixes defining the first substantially bowed pigmented vein, and wherein the first particulate mineral mix occupies the entire slab thickness at a first region that defines the first substantially bowed pigmented vein and a second of the two different particulate mineral mixes occupies the entire slab thickness at a second region, the first particulate mineral mix being absent from the second region and the second particulate mineral mix being absent from the first region.

[23] https://www.lxhausys.com/us/products/viatera-quartz-surface/perla-verde/513269
[24] https://www.lxhausys.com/us/products/viatera-quartz-surface/macaubas-bianco/369984

**a) Viatera *Ocean Ridge*:**










*See also* https://www.lxhausys.com/us/products/viatera-quartz-surface/ocean-ridge/513261

**b) Viatera *Splendor*:**













*See also* https://www.lxhausys.com/us/products/viatera-quartz-surface/splendor/509286

**c) Viatera *Solea*:**












*See also* https://www.lxhausys.com/us/products/viatera-quartz-surface/solea/513259

**d) Viatera *Cloud Ridge*:**










*See also* https://www.lxhausys.com/us/products/viatera-quartz-surface/cloud-ridge/509444

**e) Viatera *Perla Verde*:**












*See also* https://www.lxhausys.com/us/products/viatera-quartz-surface/perla-verde/513269

**f) Viatera *Macaubas Bianco*:**





*See also* https://www.lxhausys.com/us/products/viatera-quartz-surface/macaubas-bianco/369984

55. On information and belief, LX currently actively induces and has induced infringement of the ’626 Patent under 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

56. For example, LX actively promotes the sale, use, and importation of the Accused Products in marketing materials and web pages on the LX Hausys website,[25] and through LX’s sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products.

57. Cambria has been damaged as a result of the infringing conduct by LX alleged above. Thus, LX is at least liable to Cambria in an amount that compensates Cambria for such

[25] *See, e.g.*, https://www.lxhausys.com/us/products/viatera-quartz-surface/viatera-finder

infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

58. LX's infringement of the '626 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless LX is enjoined by this Court pursuant to 35 U.S.C. § 283.

59. LX has been on notice of and has had actual knowledge of the '626 Patent since before the filing of this Complaint. Further, LX has had constructive knowledge of the '626 Patent from Cambria's patent markings. Since obtaining knowledge of the '626 Patent and of its infringing activities, LX has failed to cease its infringing activities. At a minimum, LX has been willfully blind to its infringement of the '626 Patent.

60. LX's infringement of the '626 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights. LX's willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF THE D'336 PATENT

61. Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–60 of this Complaint.

62. As described below, in violation of at least 35 U.S.C. § 271(a), LX infringes and/or has infringed, literally or under the doctrine of equivalents, the D'336 Patent by importing, making, using, offering to sell, and/or selling at least the Accused Product Macaubas Bianco without a license or permission from Cambria, including in this judicial district.

63. The D'336 Patent is directed to a "slab" as shown in its sole figure:



64. As shown below, the design of LX's infringing Macaubas Bianco product, in the eye of the ordinary observer who is familiar with the prior art in the field, appears substantially similar to the ornamental design of the D'336 Patent:



65. LX has admitted that its Macaubas Bianco product "bear[s] striking visual similarity" to Cambria's Ella product that embodies the D'336 Patent. Attached as **Exhibit G** is a true and correct copy of the public version of a motion to compel filed by LX and other parties in *Certain Processed Slabs and Methods for Making Same*, Inv. No. 337-TA-1482 (U.S.I.T.C.), where LX juxtaposed on page 16 the ornamental design for its infringing Macaubas Bianco product and Cambria's embodying Ella product and stated they "bear striking visual similarity":

| Accused Product | Cambria's Non-DI Product |
| --- | --- |
| **LX Hausys' Macaubas Bianco** | **Ella** |
|  |  |

Cambria's infringement theory is internally contradictory. Cambria asserts, for example, that Moving Respondents' Accused Products, veined quartz slabs, "can only be made according to the claimed processes of the asserted claims." Compl. ¶ 97. Yet Cambria simultaneously maintains its own veined Non-DI Products, which bear striking visual similarity to the Accused Products, apparently do not practice the Asserted Patents. Moving Respondents are entitled to inspect the manufacturing processes on [redacted] to test Cambria's contradictory positions and develop evidence to rebut Cambria's infringement allegations based on its apparent position that the Non-DI Products do not practice the Asserted Patents.

66. On information and belief, LX currently actively induces and has induced infringement of the D'336 Patent under 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

67. For example, LX actively promotes the sale, use, and importation of the Accused Product Macaubas Bianco in marketing materials and web pages on the LX Hausys website,[26] and

[26] *See, e.g.*, https://www.lxhausys.com/us/products/viatera-quartz-surface/viatera-finder

through LX's sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products, including Macaubas Bianco.

68. Cambria has been damaged as a result of the infringing conduct by LX alleged above. Thus, LX is at least liable for an amount that compensates Cambria for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

69. LX has applied the patented design of the D'336 Patent, or at least a colorable imitation thereof, to an article of manufacture for the purpose of sale, and/or has sold or exposed for sale an article of manufacture to which such design or colorable imitation has been applied. Thus, LX is liable for the extent of LX's total profit for such sales under 35 U.S.C. § 289.

70. LX's infringement of the D'336 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless LX is enjoined by this Court pursuant to 35 U.S.C. § 283.

71. LX has been on notice of and has actual knowledge of the D'336 Patent since before the filing of this Complaint. Further, LX has had constructive knowledge of the D'336 Patent from Cambria's patent markings. Despite obtaining knowledge of the D'336 Patent, LX has failed to cease its infringing activities. At a minimum, LX has been willfully blind to its infringement of the D'336 Patent.

72. LX's infringement of the D'336 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights. LX's willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Cambria respectfully requests that this Honorable Court enter judgment for Cambria and against Defendants, granting Cambria the following relief:

A. A judgment that Defendants have infringed one or more claims of each of the above Asserted Patents;

B. An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Cambria for Defendants' infringement and in no event less than a reasonable royalty, together with both pre- and post-judgment interest and costs as fixed by the Court from the first date of infringement of the Asserted Patents;

C. An award of Defendants' profits pursuant to 35 U.S.C. § 289 resulting from Defendants' infringement of the D'336 Patent;

D. A permanent injunction pursuant to 35 U.S.C. § 283 prohibiting further infringement of the Asserted Patents by Defendants;

E. A judgment that Defendants' infringement has been willful and an award of increased damages as permitted under 35 U.S.C. § 284;

F. A finding that this case is exceptional and an award of attorneys' fees and costs to Cambria as provided by 35 U.S.C. § 285 or as otherwise permitted by law; and

G. Such other relief as this Court may deem proper and just.

Dated: August 7, 2026

Respectfully Submitted,

*/s/ M. Brett Johnson*
M. Brett Johnson
Texas State Bar No. 00790975
WINSTON TAYLOR LLP
2121 N. Pearl Street
Dallas, TX 75201
Tel.: (214) 453-6416
Fax: (214) 453-6400
Email: brett.johnson@winstontaylor.com

Kathi Vidal (*pro hac vice* forthcoming)
WINSTON TAYLOR LLP
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
Email: kathi.vidal@winstontaylor.com

Eimeric Reig-Plessis (*pro hac vice* forthcoming)
WINSTON TAYLOR LLP
101 California Street
San Francisco, CA 94111
Tel.: (415) 591-1000
Fax: (415) 591-1400
Email: eimeric.reig@winstontaylor.com

ATTORNEYS FOR PLAINTIFF,
CAMBRIA COMPANY LLC

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all claims so triable.

Dated: August 7, 2026

Respectfully Submitted,

*/s/ M. Brett Johnson*
M. Brett Johnson
Texas State Bar No. 00790975
WINSTON TAYLOR LLP
2121 N. Pearl Street
Dallas, TX 75201
Tel.: (214) 453-6416
Fax: (214) 453-6400
Email: brett.johnson@winstontaylor.com

Kathi Vidal (*pro hac vice* forthcoming)
WINSTON TAYLOR LLP
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
Email: kathi.vidal@winstontaylor.com

Eimeric Reig-Plessis (*pro hac vice* forthcoming)
WINSTON TAYLOR LLP
101 California Street
San Francisco, CA 94111
Tel.: (415) 591-1000
Fax: (415) 591-1400
Email: eimeric.reig@winstontaylor.com

ATTORNEYS FOR PLAINTIFF,
CAMBRIA COMPANY LLC